LIME ROCK BANK *versus* WILLIAM MACOMBER & *als.*

The assent of a bank, that a note may be sued in its name for the benefit of a third person, may be inferred from the acts of its officers, and without a vote of its directors.

ASSUMPSIT upon a note, made payable to the bank, but for the benefit of one Williams, under an agreement between him

and the defendants that the bank should hold the property as trustee for Williams, for whose use this action is brought. The note was never discounted or accepted by the bank. But their president, cashier and general attorney knew of the pendency of the suit, without objecting to it.

The jury were instructed that, *with the consent* of the bank the action might be maintained, and that such consent might be inferred from the acts of their officers.

Verdict for plaintiff.    Exceptions by defendants.

*Gould*, for defendants.

1. The bank could not become a party, except by discounting the note. Stat. of 1831, c. 519, § 2.

2. The Banks' consent to stand as trustees to Williams, and to have the suit in their name, could have been given only by consent of a majority of their directors. Stat. of 1831, c. 519, § 7; Angell on Corp. 171, 191, 249; 16 Pick. 574, is in point, both as to principle and details.

3. It was not competent for a bank thus to become a party without interest. Such power was not given by the Legislature. It would be dangerous to the public. Stat. of 1831, c. 519, § 2; Angell on Corp. 192, 200; Bank Act of 1841; U. S. Dig. p. 602, § 88.

4. Even *with the assent* of the bank, the suit is not maintainable. There never became a contract between these parties. Whatever contract existed, was between the defendants and Williams. Upon that contract, and not upon the note, he should have brought suit. *Allen* v. *Ayer*, 3 Pick. 298; *Bank* v. *Adams*, 16 Pick. 579.

The Court, by HOWARD, J. orally. — Formerly the assent of the bank, in such a case, was required to be proved by record. More recently the consent of its officers has been held sufficient. The jury were justified in finding such consent. A suit in the name of the United States was recently maintained by direction of the Postmaster General, for the benefit of an individual.                    *Exceptions overruled.*